```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

JESSICA MICHELLE SHANNON,      )
                               )
        Plaintiff              )
                               )       No. 3:07-0185
v.                             )       Judge Nixon/Brown
                               )       **Jury Demand**
APRIA HEALTHCARE, INC.,        )
                               )
        Defendant              )

## SCHEDULING ORDER

A lengthy hearing was held in this matter in order to establish a scheduling order. Counsel advised the Court that there is a parallel state proceeding involving the parties in this case plus additional parties. The Defendant Apria Healthcare, Inc. has until **June 15, 2009**, to modify their comparative fault claims in state court.

Plaintiff's counsel advised the Court that he was still of the opinion that the minor in this case was being denied Constitutional rights in this case. He also advised that at some point, particularly following the modification in state court of the Defendant Apria claims, he might consider filing for a voluntary nonsuit. Defendant's counsel advised that they would oppose any nonsuit without prejudice. Those matters, of course, will await later developments.

Plaintiff's counsel also expressed concern that if this case went forward before the state case was completed that an adverse verdict in the federal case would have extremely serious

repercussions in the state case. He indicated that in order to allow the federal court to know what was going on in the state case, he would likely be filing a record of the proceedings that have taken place in the state court.

At the present time the state court has denied any effort to stay or delay that case.

After discussion with counsel, the following deadlines are set in this case.

All written discovery should be submitted by **June 30, 2009**. The Plaintiff should disclose his expert witnesses in accordance with Rule 26 on or before **October 30, 2009**. The Defendant should make its expert disclosures on or before **November 30, 2009**. All discovery will close on **January 29, 2010**. Dispositive motions shall be due **March 1, 2010**, responses there are due **28 days** thereafter, and replies, if any, limited to <u>five pages</u>, are due **14 days** after any response.

The parties estimate this jury trial can take four days to try.

Plaintiff's counsel advised that he believes there were some deficiencies in the interrogatory responses he has received to date. The parties are reminded that before filing discovery dispute motions, they should contact the Magistrate Judge and schedule a telephone conference about the matter. Where the dispute involves interrogatories or requests for production, the

2

parties should submit (before the telephone conference) a short agreed statement of the issues in contention, along with the particular items in dispute.

Each side has the Court's permission to submit an additional 10 interrogatories in this matter.

After consulting with Judge Nixon's chambers, this matter is set for a final pretrial conference on **October 8, 2010, at 10:00 a.m.**, and the trial is set for **October 19, 2010, at 9:00 a.m.**

It is so **ORDERED**.

/s/ Joe B. Brown<br>
JOE B. BROWN<br>
United States Magistrate Judge