# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JESSICA MICHELLE SHANNON, as Parent and on behalf of her minor child, CAMERON J. SHANNON, <br><br> Plaintiffs, <br><br> v. <br><br> APRIA HEALTHCARE, INC., <br><br> Defendant. | Case No. 3:07-00185 <br> Judge Nixon <br> Magistrate Judge Brown <br> JURY DEMAND |

## ORDER

Pending before the Court is the Second Motion to Remand; Grant Nonsuit; Amend Complaint; and/or Alter & Reset Scheduling Order & Trial Date of Plaintiff Jessica Michelle Shannon's, as parent and on behalf of her minor child, Cameron J. Shannon (Doc. No. 53) ("Plaintiff's Motion"). Defendant Apria Healthcare, Inc. filed a Response in Opposition (Doc. No. 55). Plaintiff filed a Memorandum in Support of her Motion on September 28, 2010 (Doc. No. 87), to which Defendant filed another Response in Opposition on October 12, 2010 (Doc. No. 89).

For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Minor Plaintiff Cameron J. Shannon ("Cameron") was born prematurely on October 24, 2005.[1] Cameron's physicians ordered the use of a home oxygen machine and related services to treat Cameron for medical conditions arising out of his premature birth. Defendant, a home healthcare company, provided Plaintiffs with both the prescribed home oxygen equipment and staff to service the equipment and give instructions on its use.

Plaintiffs allege that Cameron received insufficient oxygen from his home oxygen machine, and that as a result, he has not developed properly and has suffered respiratory and other injuries. On January 8, 2007, Plaintiffs filed a Complaint against Defendant in the Circuit Court of Stewart County, Tennessee, alleging that Defendant's negligence caused Cameron's injuries.

Defendant removed the case to this Court on February 12, 2007 under 28 U.S.C. § 1441 on grounds of diversity jurisdiction. (Doc. No. 1.) Plaintiff did not seek to name additional parties as defendants until March of 2008, largely because of the hardships posed to Plaintiff's counsel, Mr. Olson, by the death of his law partner in October of 2007. (Doc. No. 13.) Magistrate Judge Brown denied Plaintiff's Motion to Amend the Complaint in order to name these additional parties as defendants on the grounds of undue delay, prejudice to Defendant, and futility. Plaintiff subsequently renewed her attempts to add these defendants, which the Court ultimately rejected in an Order dated April 17, 2009. (Doc. No. 38.)

At roughly the same time as Plaintiff sought to add these additional parties as defendants,, Plaintiff initiated an action in state court against other parties, including Michael Shannon and

---

[1] All facts within this Section are undisputed, and unless otherwise noted, are taken from Magistrate Judge Brown's Order dated April 17, 2008 (Doc. No. 19), as well as pleadings filed by the parties (Doc. Nos. 22-26, 30, 32, and 33).

Deborah Shannon (the grandparents of Cameron) and University Home Health, LLC d/b/a CareAll. (Doc. No. 54.) Michael Shannon, Deborah Shannon, and CareAll alleged the comparative fault of Defendant in their answers in the state court proceedings (Doc. No. 54-1 at 23; Doc. No. 54-4 at 75), and Michael Shannon and Deborah Shannon have cross-claimed against Defendant (Doc. No. 54-1 at 24). Plaintiff subsequently sought to add Defendant as a party in the state court proceeding, which was permitted. (Doc. No. 54-1 at 35-54.) Defendant has alleged as an affirmative defense in the state court action the comparative fault of Plaintiff, Michael Shannon, Deborah Shannon, and CareAll (Doc. No. 54-4 at 82); in contrast, in this action, Defendant alleges only the comparative fault of Plaintiff (Doc. No. 31). In February of 2009, the state court denied Defendant's motion to dismiss. (Doc. No. 54-5 at 43.)

In late 2009, the parties had a conference with Magistrate Judge Brown, where the deadline for Plaintiff to disclose her expert witnesses was set for February 15, 2010, and the deadline for Defendant to disclose its expert was set for March 15, 2010 (Doc. No. 52). On February 5, 2010, Plaintiff's Motion here at issue was filed (Doc. No. 53). Plaintiff did not file her expert disclosure. On February 19, 2010, Defendant filed a Response in Opposition to Plaintiff's Motion (Doc. No. 55). On May 25, 2010, Defendant filed its Motion to Dismiss with Prejudice or in the Alternative for Summary Judgment (Doc. No. 73) ("Defendant's Motion"), Supporting Memorandum (Doc. No. 74), and Statement of Material Facts (Doc. No. 75). On September 28, 2010, Plaintiff filed a Memorandum in Support of her Motion to Remand (Doc. No. 87), nearly eight months after the filing of the Motion to which it related. Defendant subsequently filed a Response on October 12, 2010. The pretrial conference and trial in this case were continued on September 28, 2010 until the Court resolved Plaintiff's Motion and Defendant's Motion.

## II. ANALYSIS

Plaintiff's Motion requests four alternative modes of relief. In the first instance, she requests that the Court recognize the parallel civil action in state court and remand this action to state court. Should this request be denied, Plaintiff moves the Court for permission to take a voluntary non-suit without prejudice. In the alternative, Plaintiff moves for permission to file an Amended Complaint to allege comparative fault against the non-diverse state-court defendants. Finally, Plaintiff alternatively moves the Court to amend the Scheduling Order and reset the trial date in this case. The Court will address these motions in turn.

### A. Joinder, Remand, and Judicial Estoppel

Plaintiff cites the doctrine of judicial estoppel as the grounds for her renewed request to remand this case to state court. (Doc. No. 53 at 3.) Plaintiff claims that Defendant should be estopped from failing to allege comparative fault against non-diverse non-party tortfeasors (*e.g.*, CareAll) because Defendant has made comparative fault allegations against those entities in the state court proceeding. (Doc. No. 53 at 3.) Therefore, the Court should rule that those entities represent necessary and indispensable parties to this action who must be joined, although this will destroy diversity and necessitate a remand to state court.

The doctrine of judicial estoppel "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008) (internal citations omitted). The party's later position must be "clearly inconsistent with its earlier position for judicial estoppel to apply." *Id.*

Plaintiff claims that Defendant "limited [its] affirmative defense comparative fault allegations to be made only against the Plaintiffs. . . . [Defendant] represented, which then became the law of this case, that they made no affirmative defense comparative fault [*sic*] against anyone, other than the Plaintiffs." (Doc. No. 53 at 2.) The Court then relied upon this representation to rule that the additional defendants Plaintiff sought to join (thereby destroying diversity) were not necessary parties. In state court, however, Defendant has subsequently alleged comparative fault against these non-diverse parties. Plaintiff claims that application of the doctrine of judicial estoppel is therefore warranted.[2]

Defendant claims that the positions it has adopted are not "clearly inconsistent," and the Court agrees. Defendant claims that it has never asserted in any action "that there are not, as a factual matter, parties other than Plaintiff Jessica Shannon who are potentially at fault for Plaintiffs' alleged injuries. . . . Apria has simply stated, and continues to maintain that it *will not assert* the comparative fault of any person or entity other than Plaintiff Jessica Shannon *as a defense in this litigation*." (Doc. No. 55 at 7 (emphasis in original).) Defendant's choice of which comparative fault allegations it will pursue in federal and state court as affirmative defenses do not constitute "clearly inconsistent" positions. Rather, they constitute tactical choices regarding potential liability, which Defendant is entitled to make without the Court forcing one position or the other upon it.

Because Defendant need not make comparative fault allegations against non-diverse parties

---

[2] Plaintiff cites numerous cases in her brief discussing the issues of fraudulent joinder and when a court may dismiss a non-diverse party from an action so as to maintain diversity. What Plaintiff fails to notice is that the non-diverse entities at issue here have never been joined, as Plaintiff has never been granted leave to amend her complaint to add them.

such as CareAll or the Shannon grandparents in this action, the Court's earlier decision and reasoning stating that the non-diverse parties need not be joined as necessary and indispensable stands. (Doc. No. 38 at 11-13.) Plaintiff's request for remand to state court is **DENIED**.

B. **Voluntary Non-Suit without Prejudice**

In the alternative, Plaintiff requests that the Court grant her a voluntary non-suit without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. No. 87 at 9-12.) Defendant opposes this request; it states that its effort and expense of preparation for trial, among other reasons, weigh against granting a voluntary non-suit without prejudice. (Doc. No. 55 at 8-12.)

Rule 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court must take into account when considering a plaintiff's request to dismiss an action whether such a voluntary dismissal will prejudice the defendant. *Maldonado v. Thomas M. Cooley Law School*, 5 F. App'x. 955, 956 (6th Cir. 2003). Relevant factors concerning potential prejudice to the defendant include: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, plaintiff's explanation of the need for dismissal and whether a motion for summary judgment has been filed by the plaintiff." *Id.*

Defendant argues that all of these factors weigh against granting Plaintiff's request for a voluntary dismissal. First, Defendant claims that it has "expended considerable effort and costs in discovery and preparation for trial in this Court." (Doc. No. 55 at 8.) The additional defendants in the state case may have the right to redo much of that discovery in the state case if the instant case

were dismissed or remanded. *Id.* Second, Defendant claims that there has been excessive delay and lack of diligence on Plaintiff's part in prosecuting this case, as the Magistrate initially found in April of 2008. (Doc. No. 55 at 10; Doc. No. 19.) Third, Defendant claims that Plaintiff's explanation of the need for dismissal is inadequate, unclear, and potentially indicative of "questionable motives." (Doc. No. 55 at 11.) Plaintiff's explanation (Doc. No. 53 at 3-4), Defendant claims, is set out in a single paragraph, contains a number of inaccurate assertions regarding the state of the proceedings, and ultimately asserts that Plaintiff will be prejudiced if the Court enters a judgment against them due to her inability "to move the case under all circumstances within the confines of the Scheduling Order." (Doc. No. 53 at 3.) Defendant correctly states that this Court has already found that Plaintiff's earlier attempts to amend the Complaint were motivated by bad faith, *i.e.*, attempting only to defeat federal jurisdiction. (Doc. No. 38 at 10.) Finally, Defendant has submitted a Motion for Summary Judgment (Doc. No. 73), which also weighs in favor of a finding of prejudice, and therefore against a voluntary dismissal. (Doc. No. 55 at 12.)

Plaintiff claims in response that Defendant's claims of prejudice are not credible. First, Defendant is a named defendant in the state action, has alleged comparative fault against other actors in that action (who have made cross-allegations of comparative fault against Defendant), and has engaged in dual discovery concerning both this action and the state action. (Doc. No. 87 at 10-11.) Second, Plaintiff claims that the fact that "some limited discovery has been done in a case does not mean that the Defendant will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff." (Doc. No. 87 at 11.) Third, Plaintiff claims that the fact that

the case may "be ripe for summary judgment would not necessarily make a dismissal prejudicial to an opposing party." *Id.* Fourth, Plaintiff claims that this Court should also consider advantages that could accrue to Defendant by granting a voluntary dismissal: in this case, Defendant has refrained from alleging comparative fault of other entities, "thus subjecting itself alone to the hazards of an adverse finding by the trier of fact. Should the matter be tried in the State Court where it belongs, Apria will be able to seek an apportionment of any liability among all the codefendants." *Id.* Finally, Plaintiff claims that the existence and progression of the state case vitiates any inconvenience that Defendant might suffer as the result of a voluntary dismissal. *Id.* at 11-12.

In response, Defendant argues that it has expended considerable time and effort putting together its motion for summary judgment, in addition to the other work it has done for this case. Granting a voluntary dismissal would render "all of Apria's time and effort in drafting its timely filed Motion for Summary Judgment . . . in vain and Apria would be forced to re-litigate many of the issues that have been presented to this court in Apria's dispositive motion." (Doc. No. 89 at 12.)

Under the circumstances, the Court declines to grant Plaintiff's request for a voluntary dismissal without prejudice. It is clear that Defendant has expended significant time and effort in complying with scheduling order, responding to motions, and filing its own Motion for Summary Judgment. In contrast, Plaintiff's counsel has repeatedly filed variations on the same request to add non-diverse defendants to this action, thereby destroying federal jurisdiction. Plaintiff's counsel has also exhibited excessive delay and a lack of diligence in prosecuting this action, most recently evidenced by the seven-month delay in filing a memorandum of law in support of its Motion.

Plaintiff's request for a voluntary non-suit without prejudice is **DENIED**.

### C. Amended Complaint

Plaintiff requests in the alternative the Court's leave to file a First Amended Complaint in order to make allegations of comparative fault against the state court defendants not currently a party to this action. Plaintiff has not sufficiently demonstrated that these parties constitute necessary and indispensable parties to this action, pursuant to Rule 19 of the Federal Rules of Civil Procedure, such that they must be joined to this action, thereby destroying federal jurisdiction. Judicial estoppel does not mandate the joinder of these defendants for the reasons outlined in Section II.A.1 above. The Court here refers back to its earlier decision of April 17, 2009 (Doc. No. 38) and the Magistrate Judge's decision of April 17, 2008 (Doc. No. 19) and **DENIES** Plaintiff's request for leave to amend the complaint.

### D. Amended Scheduling Order

Plaintiff requests in the alternative that the Court amend the scheduling order and reset the trial date. (Doc. No. 53 at 4.) She states that she is "not able to disclose experts at this time [and has] not been able to complete needed discovery." *Id.* The Court understands from the records of the state court proceedings which Plaintiff has filed in this case that the state case has been proceeding without delay on the part of Plaintiff. (Doc. Nos. 54-1, 54-2, 54-3, 54-4, 54-5, & 82-1.)

The most recent scheduling order in this case was set on December 9, 2009. (Doc. No. 52.) The scheduling order was amended, without objection from Defendant, in order to allow Plaintiff additional time to complete discovery. (Doc. Nos. 51 & 52.) That order set the deadline for disclosure of Plaintiff's expert witnesses at February 15, 2010. Plaintiff filed the instant Motion on February 5, 2010. Plaintiff has not to date disclosed her experts; nor has she indicated at any time

since the filing of her Motion to the Court or to the Magistrate when such disclosure might conceivably take place. Plaintiff's supporting memorandum (Doc. No. 87), filed seven months after Plaintiff's Motion, also makes no representations as to when Plaintiff might be able to disclose her expert. As Defendant notes, Plaintiff has provided "no explanation of why [she is] unable to disclose [her] experts on time." (Doc. No. 55 at 13.) Under these circumstances, the Court declines to modify the Scheduling Order. Plaintiff's request to modify the Scheduling Order is **DENIED**.

For these reasons, Plaintiff's Motion is **DENIED**.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion.

It is so ORDERED.

Entered this 2nd day of March, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT