IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSICA MICHELLE SHANNON, as Parent and on behalf of her minor child, CAMERON J. SHANNON, ) ) ) ) Plaintiffs, ) ) v. ) ) ) APRIA HEALTHCARE, INC., ) ) Defendant. ) | Case No. 3:07-00185 Judge Nixon Magistrate Judge Brown JURY DEMAND |

## ORDER

Pending before the Court is Defendant Apria Healthcare, Inc.'s Motion to Dismiss with Prejudice or for Summary Judgment (Doc. No. 73) ("Defendant's Motion") with supporting Memorandum (Doc. No. 74) and Statement of Material Facts (Doc. No. 75). Plaintiff Jessica Michelle Shannon, as parent and on behalf of her minor child, Cameron J. Shannon, effectively responded to this on September 28, 2010 in a Memorandum in Support of Plaintiff's Motion (Doc. No. 87). Defendant filed a Response in Opposition to Plaintiff's Motion on October 12, 2010 (Doc. No. 89).

For the reasons discussed below, Defendant's Motion is **GRANTED.**

**I.    BACKGROUND**[1]

Defendant is a home healthcare company that provides medical equipment and respiratory and infusion supplies and services to patients in their homes. Cameron was born prematurely at 31 weeks and one day in 2005; his birth condition rendered him an at-risk child. Cameron's medical condition is as follows: 1) Vater Anomaly with complex congenital heart disease and esophageal atresia; 2) associated tracheomalacia; 3) swallow dysfunction; and 4) pulmonary hypertension (secondary to 1) and 2)). Cameron's doctors prescribed certain medical equipment for him, and pursuant to this prescription, Defendant provided and delivered certain durable medical equipment to Cameron, and provided instructions on the use of this equipment.

Defendant's expert in this case, Dr. Joel C. Ledbetter, MD, is board-certified in pediatrics and pediatric pulmonology. (Doc. No. 73-1 at 1.) He states in the Expert Disclosure filed by Defendant (Doc. No. 72) that, in his opinion, Cameron's medical course has been as expected. (Doc. No. 73-1 at 2-3.) He also states that, taking into account Cameron's medical history and issues, Cameron's "current condition is exemplary." *Id.* at 2. He bases this conclusion in part on the notes of Cameron's treating physician, Dr. Paul Edward Moore, MD, of February 12, 2010, who stated that "Cameron has done extraordinarily well from a pulmonary standpoint." *Id.* at 15.

Finally, Dr. Ledbetter states that it is his opinion that "[t]here is no cause and effect between the durable medical equipment provided by Apria and the health condition of Cameron." *Id.* at 2. It is his opinion "within a reasonable degree of medical certainty that Cameron Shannon sustained no medical condition, injury or impairment whatsoever from any durable medical

---

[1] Defendant filed a Statement of Undisputed Material Facts with its Motion for Dismissal with Prejudice or, in the Alternative, for Summary Judgment as required by L.R. 56.01(b). (Doc. No. 75.) Plaintiff has not responded to this Statement of Material Facts; accordingly, the Court deems the facts admitted by Plaintiff for the purposes of summary judgment. L.R. 56.01(g). All facts in this section are therefore taken from Defendant's Statement of Material Facts unless otherwise noted.

equipment provided, or conversely not provided by Apria." *Id.* at 3. It is Dr. Ledbetter's opinion that "[a]ny and all medical conditions, injuries or impairments suffered by Cameron Shannon result directly from the congenital condition which he was born with, and from no other source." *Id.*

No appropriate medical expert proffered by Plaintiff or any other party has testified that there is any causal relationship between the equipment Defendant provided and the medical condition of Cameron; that Cameron has sustained any medical condition, injury, impairment, or damages whatsoever from any equipment provided (or not provided) by Defendant; or that Defendant has done (or failed to do) anything that has caused any medical harm to Cameron.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

A Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) is a means of testing the sufficiency of the claim for relief, and, as such, it must be understood in conjunction with Rule 8(a), which sets out the federal standard for pleading. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1356 (3d ed. 2004). Rule 8(a) establishes a system of notice pleading, requiring a plaintiff to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead an abundance of specific facts at this stage; the purpose of a complaint is limited to providing the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, all allegations in the complaint are taken as true, and all reasonable

inferences are drawn in favor of the pleader. Wright & Miller § 1357. However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). Recently the Supreme Court articulated a "plausibility standard" for a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* The Court continued: "[t]hreadbare recitals of the elements of a cause of action, supporting by mere conclusory statements, do not suffice." *Id.*

### B. Motion for Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts, and reasonable inferences to be drawn from those facts, must be viewed in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In order to succeed, the moving party must show that there is an absence of evidence to support the non-moving party's case and that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996). A movant for summary judgment makes a sufficient showing by informing the court of the basis of its motion and by identifying the portions of the record that reveal that there are no genuine material fact disputes to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-moving party must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine dispute of material fact for trial. *See id.* The non-moving party may not rely solely on conclusory allegations in the pleadings to defeat a motion for summary judgment, but must come forward with affirmative evidence that establishes its claims and raises genuine issues of material fact. *Id.* at 324. "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment will be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, if the evidence offered by the non-moving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the non-moving party, the motion for summary judgment should be granted. *Id.* at 249.

## III. ANALYSIS

Defendant has moved for a dismissal with prejudice of Plaintiff's claims against Defendant, or, in the alternative, for summary judgment against Plaintiff. (Doc. No. 73 at 1.) Defendant claims that Plaintiff is unable to establish a claim of negligence in this case. Under Tennessee law, "the causation of a medical condition must be established by testimony from a medical expert." *Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001) (citing *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991)). Defendant argues that Plaintiff has not disclosed her expert witness to Defendant; without expert proof regarding causation of any injuries to Cameron, Plaintiff cannot sustain her claim for medical damages. (Doc. No. 73 at 1.) Defendant notes that "Plaintiff['s] deadline for disclosing [her] expert witnesses expired on February 15, 2010, after multiple extensions" and that there was "a current pending Motion for Extension which was filed by Plaintiff's counsel on February 5, 2010." *Id.* Plaintiff's request for an extension has been denied by this Court. (Doc. No. 91 at 10.) Since

Plaintiff has failed to disclose any expert witness, Defendant claims, she cannot prove the causation of any medical condition, injury, impairment or damages pursuant to Tennessee law, and therefore has failed to state a claim for which relief may be granted. Plaintiff's claims against Defendant should therefore be dismissed with prejudice. (Doc. No. 73 at 2.)

In the alternative, Defendant argues that it has presented "the undisputed testimony of its appropriate and timely disclosed medical expert that there is no cause and effect relationship between the equipment provided by Apria and the health condition of Cameron Shannon" and that "any and all medical conditions, injuries or impairment of Cameron Shannon result solely and directly from the congenital condition(s) with which he was born." *Id.* As Plaintiff has not timely presented the testimony of her own expert to rebut this testimony in order to prove causation as required by Tennessee law, Defendant argues, it is entitled to summary judgment against Plaintiff. *Id.* at 2-3.

Plaintiff alleges that Defendant is liable on negligence grounds for "provid[ing] a faulty oxygen machine and/or . . . [failing to] properly calibrate, test or otherwise service the oxygen machine." (Doc. No. 1 at 8-9.) She further alleges that, "[a]s a direct and proximate result thereof[,] Cameron Shannon suffered life threatening permanent injuries, and but for the negligence of the Defendant, the minor child would not have suffered the severe injuries which required and continue to require extensive medical care, and has resulted in permanent injury." *Id.* at 9. For the purposes of this motion, Defendant contests only causation. (Doc. No. 74 at 4 n.1.)

With respect to a negligence claim, "[s]ummary judgment is appropriate when an essential element of negligence is missing." *Kellner v. Budget Car & Truck Rental, Inc.*, 359 F.3d 399, 406 (6th Cir. 2004) (citing *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173, 183 (Tenn. 1992)). In order to establish a negligence claim, Plaintiff must be able to establish "(1) a duty of care owed

by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause." *Haynes v. Hamilton Cnty.*, 883 S.W.2d 606, 611 (Tenn. 1994) (citations omitted). If the evidence shows that no reasonable jury could find for Plaintiff on any one of these elements, Defendants' motion for summary judgment must be granted. *See Kellner*, 359 F.3d at 406. To establish causation of a medical condition, Plaintiff must put forth testimony from a medical expert "[i]n all but the most obvious of cases." *Haines v. Henry Cnty. Bd. of Educ.*, No. W2008-02532-COA-R3-CV, 2010 WL 457502 at *7 (Tenn. Ct. App. Feb. 11, 2010). Plaintiff bears the burden of presenting "medical evidence affording a reasonable basis for the conclusion that it is more likely than not that Defendant's negligence . . . was a cause in fact" of the injuries alleged. *Id.* at 9. The physician presenting expert medical testimony must be "reasonably certain" as to the cause of the injuries. *Miller*, 73 S.W.3d at 909.

Plaintiff must, in order to sustain her negligence claims, put forth expert medical testimony to establish the essential elements of injuries to Cameron and causation of said injuries. Plaintiff has not put forth any such testimony. In her Response in Support of her Motion, Plaintiff notes that Plaintiff's counsel has "freed up considerable manpower and financial resources," especially since Plaintiff's counsel settled an earlier case before this Court in July of 2010. (Doc. No. 87 at 13-14.) Plaintiff states that her counsel "was temporarily without the financial resources, manpower and time to complete the discovery pursuant to this Federal civil action's Scheduling Order." *Id.* at 14. This state of affairs largely resulted from the unexpected illness and death of Plaintiff's counsel's law partner in late 2007. (Doc. No. 13.) The Court notes, however, that in the seven months since Plaintiff's counsel settled the earlier case in July of 2010 and "freed up considerable manpower and financial resources," Plaintiff has still not disclosed her expert or

made any attempts to inform Defendant or the Court when or whether she plans to disclose such an expert.

In contrast, Defendant has put forth the uncontroverted testimony of its medical expert, Dr. Ledbetter, who has stated that there is no cause and effect relationship between the equipment Defendant provided and Cameron's medical condition. Dr. Ledbetter has testified that Cameron sustained no medical injury or impairment whatsoever from any equipment provided (or not provided) by Defendant. Dr. Ledbetter in fact states that Cameron's medical condition results solely and directly from the congenital condition with which he was born; Defendant has also put forth evidence that Cameron's own treating physician characterized Cameron's pulmonary function as "extraordinarily well." (Doc. No. 72-3 at 2.) Plaintiff has not put forth any evidence to dispute these facts beyond the simple allegations contained in the Complaint and repeated in Plaintiff's filings before this Court, and again, has not disclosed an expert who would testify in favor of her contentions that the negligence of Defendant caused injuries to Cameron. These allegations are conclusory and do not establish that there is a genuine issue of material fact.

It is apparent to the Court that Plaintiff simply wishes to litigate this action solely in state court and merely relies upon its earlier requests to join non-diverse defendants or to remand, rather than addressing (or even attempting to address) the merits of this case in federal court, to which it was properly removed in February of 2007. This cannot be considered anything other than a strategic choice by Plaintiff, and any preclusive effect that this ruling may have in future proceedings will be a result of that choice.

Plaintiff has utterly failed to meet her burden of production. She has not presented the required appropriate expert medical proof as to any condition, injury, or impairment of Cameron; nor has she presented the required expert medical proof as to the causation of any such injuries.

Without expert medical proof of this type, the factual allegations made by Plaintiff in her complaint regarding Cameron's injuries and the causation thereof cannot be sustained as a matter of law, and Defendant is entitled to summary judgment. Defendant's Motion for Summary Judgment is therefore **GRANTED**.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion.

It is so ORDERED.

Entered this __3rd__ day of March, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT